IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANNETE TIRADO-PEREZ

Plaintiff

v.

OFFICE DEPOT PUERTO RICO, LLC

Defendant

**Civil No. 09-1407 (SEC)**

**OPINION AND ORDER**

This case is before this Court pursuant to a Notice of Removal filed by Defendant Office Depot Puerto Rico LLC ("Defendant") in the above captioned case, which was filed before the Puerto Rico Court of First Instance, San Juan Part. Docket # 1. Plaintiff Annette Tirado-Perez ("Plaintiff") moves to remand the case. Docket # 5. After reviewing the filings, and the applicable law, Plaintiff's motion to remand is **GRANTED**.

**Factual and Procedural Background**

On April 3, 2009, Plaintiff filed suit against Defendant in the Puerto Rico Court of First Instance, alleging wrongful discharge, violations to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and seeking lost wages, and attorney's fees. Docket # 1-2. Shortly thereafter, Defendant filed a notice of removal of said case, arguing that insofar as Plaintiff seeks remedies under COBRA, this Court has original jurisdiction over the case, and therefore, removal is proper. Docket # 1. On May 27, 2009, Plaintiff filed a motion voluntarily dismissing all claims arising under COBRA, and requesting that the case be remanded to state court for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1447. Docket # 5.

**Applicable Law and Analysis**

Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

**Civil No. 09-1407 (SEC)**  Page 2

defendants, to the district court of the United States for the district and division embracing the place where such action is pending..." 28 U.S.C. § 1441(a). In order for a defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. Id.  The party requesting removal bears the burden of showing that removal is proper. Vigier v. Marin, 568 F. Supp. 2d 193 (D.P.R. 2008).

In Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988), the U.S. Supreme Court held that, under the doctrine of pendent jurisdiction, district courts have "the discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." In Cohill, a former employee filed a complaint against Carnegie-Mellon, alleging discrimination, among other claims, under federal and state laws. Upon Carnegie-Mellon's motion, the case was removed to federal court. However, six months later, therein plaintiff requested leave to amend the complaint to eliminate the federal law claim under which removal was granted, and as a result thereof, argued that remand to state court was proper.  Considering that all federal-law claims were eliminated, and only pendent state law claims remained, the Supreme Court concluded that the district court had discretion to remand the case to state court. Id. at 351. Therefore, under the pendent jurisdiction doctrine, courts are allowed "to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity..." Id. at 351 (citing Mine Workers v. Gibbs, 383 U.S. 715 (1966). The Court further notes that when the only federal claim is eliminated at an early stage of case, district courts have a powerful reason not to continue exercising its jurisdiction. Id. However, in this situation, the district court is not deprived of subject-matter jurisdiction, since the court had original jurisdiction at the time of the filing of the state court complaint pursuant to 28 U.S.C. § 1441(a). See Commonwealth of Mass. v. V & M Mgmt., 929 F.2d 830, 835 (1st Cir. 1991) (citing Ching v. Mitre Corp., 921 F.2d

**Civil No. 09-1407 (SEC)**                                                                                                  Page 3

11, 14 (1st Cir. 1990). Instead, in exercising its discretion, the court chooses not to exercise its supplemental jurisdiction over the pendent state law claims, and remands the case to state court.

Upon reviewing the record, this Court finds that Plaintiff's state court complaint was filed on April 3, 2009, and summons were served upon Defendant on April 22, 2009. Docket #1-2. On May 4, 2009, Defendant filed the notice of removal (Docket # 1), and shortly thereafter, Defendant filed the answer to the complaint (Docket # 4). Therefore, the present case is in its early stages, the parties have not engaged in discovery, filed any dispositive motions, nor has this Court ruled on any motions. Pursuant to Cohill, when the sole federal-law claim is eliminated at an early stage, the district court has a powerful reason to not continue exercising jurisdiction, and thus has the discretion to remand the case to state court. Brock v. Debray, 869 F.Supp. 926, 928 (D. Al. 1994) (citing Cohill, 484 U.S. at 351). Considering the above, this Court will exercise the discretion conferred by the pendent jurisdiction doctrine, and refrain from exercising jurisdiction over the present suit.

**Conclusion**

Based on the foregoing, the instant case is **REMANDED** to state court.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 29th day of June, 2009.

                S/SALVADOR E. CASELLAS
                Salvador E. Casellas
                U.S. Senior District Judge